NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001015
10-JUN-2013
11:00 AM

NO. CAAP-11-0001015

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIEL JOSEPH JOHNSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 94-189K)

MEMORANDUM OPINION
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Daniel Joseph Johnson ("Johnson") appeals from (1) the Findings of Fact, Conclusions of Law and Order Revoking Probation, and (2) the Second Amended Order of Resentencing; Revocation of Probation, both filed on November 17, 2011 in the Circuit Court of the Third Circuit ("Circuit Court").[1/]  Johnson was resentenced to a five year prison term with credit for time served.

I.    Background

On November 3, 1994, an indictment was issued charging Johnson, and another defendant, Benjamin Michael Johnson, with (1) promoting a detrimental drug in the third degree, in violation of Hawaii Revised Statutes ("HRS") § 712-1249(1), and (2) promoting a dangerous drug in the third degree, in violation of HRS § 712-1243(1) ("Count Two").  On June 26, 1995, Johnson pleaded guilty to Count Two.

On September 13, 1995, Johnson was granted a deferred acceptance of guilty plea ("DAG") and placed on probation for five years.  On June 5, 1996, the State of Hawai'i ("State") filed a Motion to Set Aside Deferred Acceptance of Guilty Plea, requesting that the DAG be set aside and that Johnson be

_____

[1/]    The Honorable Elizabeth A. Strance presided.

resentenced because, the State alleged, Johnson had violated the terms of his probation. On June 5, 1998, the Circuit Court set aside the DAG and entered a Judgment; Guilty Conviction and Probation Sentence ("Judgment"). Johnson was resentenced to five years of probation.

On May 16, 2000, the Circuit Court entered an Order of Discharge and Dismissal. The order stated that Johnson was granted a deferral of plea, his deferral period ended on March 30, 2000, and no motion to set aside the deferred acceptance of plea had been filed. The Circuit Court ordered that Johnson be discharged from supervision of the court and that the charge against Johnson be dismissed.

Despite that order, over the next nine years, the State filed three motions for revocation of probation and resentencing on the grounds that Johnson had violated the terms of his probation. Each motion was granted.[2] Several mittimuses were issued and Johnson served time in prison. Over that same period, and interspersed between the State's motions for revocation of probation, Johnson filed one motion to reduce his sentence and, later, another motion to vacate the Circuit Court's order revoking his probation. Throughout those years, neither party raised the issue of the Order of Discharge and Dismissal, nor did they appeal from any of the orders.

On September 25, 2009, the issue of the Order of Discharge and Dismissal was finally raised, albeit not to the Circuit Court, when Johnson appealed from the September 3, 2009 Order Granting Motion for Revocation and to Resentence. Johnson specified one point of error, asserting that the Circuit Court committed plain error when it revoked his probation and resentenced him to five years of imprisonment where the record in the case contained the Order of Discharge and Dismissal, which

---

[2] The last two of the orders granting revocation of probation were the August 14, 2009 Order of Resentencing; Revocation of Probation, and the September 3, 2009 Order Granting State's Motion for Revocation of Probation and to Resentence ("September 3, 2009 Order Granting Motion for Revocation and to Resentence"). Both orders were based upon the February 27, 2009 Motion for Revocation of Probation and to Resentence, and Application for Warrant of Arrest ("February 27, 2009 Motion for Revocation and to Resentence"), and upon which a hearing was held on June 8, 2009, where witnesses were presented, exhibits were submitted, and argument was offered.

purportedly terminated the prosecution against Johnson.

Despite the pending appeal, on November 18, 2009, the State's Motion to Correct Clerical Mistake on Order Filed May 16, 2000 ("Motion to Correct Clerical Mistake") was filed in the Circuit Court. The State explained that the Order of Discharge and Dismissal had erroneously specified Johnson instead of his co-defendant, Benjamin Michael Johnson, and that it was Benjamin Michael Johnson who should have been discharged pursuant to his own deferred acceptance of plea entered on March 30, 1995.

On March 30, 2011, this court issued a Summary Disposition Order relating to Johnson's consolidated appeals in Cr. Nos. 94-189K and 01-1-00104K. We held that it was plain error for the Circuit Court to resentence Johnson in Cr. No. 94-189K because the Order of Discharge and Dismissal was in the record. *State v. Johnson,* Nos. 30044 and 30084, 2011 WL 1144855, *1 (Haw. Ct. App. March 29, 2011) (SDO). Therefore, we vacated the Order of Resentencing and Revocation of Probation and remanded the case for further proceedings, including resolution of the State's Motion to Correct Clerical Mistake. *Id.* at *3.

On June 6, 2011, the Circuit Court held a hearing on the Motion to Correct Clerical Mistake. Johnson offered no opposition, and the court announced its intention to grant the motion. At that same hearing, parties discussed the process by which the court would again address the February 27, 2009 Motion for Revocation and to Resentence. At Johnson's request, the hearing on the motion was continued until October 17, 2011. On August 29, 2011, the Circuit Court issued its Order Granting State's Motion to Correct Clerical Mistake on Order Filed May 16, 2000, and set aside the Order of Discharge and Dismissal.

On September 8, 2011, Johnson filed a motion for discharge from probation, contending that "[i]n May 2000, this action was dismissed[,]" and that his probation was the subject of revocation proceedings in 2009 "that were vacated by the Intermediate Court of Appeals on April 14, 2011[.]" Johnson argued that our April 14, 2011[3] decision had "effectively

_____

[3]    This date refers to the entry of the Judgment on Appeal in appeal nos. 30044 and 30084.

nullified <u>all</u> proceedings that occurred in this case after the May 2000 dismissal order." "Hence," according to Johnson, "all actions taken subsequent to that order, including the re-sentencings on May 29, 2001, September 9, 2002, and June 15, 2006, were also nullified by the appellate order."

On November 17, 2011, the Circuit Court issued a Second Amended Order of Resentencing; Revocation of Probation, which sentenced Johnson to incarceration for five years, consecutive to his sentence imposed in Cr. No. 01-1-0004K. The Circuit Court also issued its Findings of Fact, Conclusions of Law and Order Revoking Probation.

On December 1, 2011, Johnson filed a Notice of Appeal.

II. Points of Error

On appeal, Johnson contends that the Circuit Court erred by revoking his probation because (1) the Order of Discharge and Dismissal, filed May 16, 2000, made any actions in the case after that date a nullity, and (2) Johnson was not provided with written notice of the grounds to revoke his probation prior to his probation revocation hearing on October 17, 2011, in violation of HRS § 706-625(2).

III. Standards of Review

Resentencing

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors that indicate a plain and manifest abuse of discretion are arbitrary or capricious actions by the judge and a rigid refusal to consider the defendant's contentions. In general, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*State v. Tauiliili*, 96 Hawai'i 195, 198, 29 P.3d 914, 917 (2001) (internal quotation marks, citations, and brackets omitted).

IV. Discussion

A. Johnson's claim that the Circuit Court's actions after May 16, 2000 were a nullity is without merit.

4

Irrespective of whether the Circuit Court properly set aside the Order of Discharge and Dismissal, the Circuit Court lacked jurisdiction to enter the order in the first instance. *See State v. Reed*, 77 Hawai'i 72, 83, 881 P.2d 1218, 1229 (1994) ("The [trial] court was without authority to waive the time requirements set forth in [Hawai'i Rules of Penal Procedure Rules] 29(c) and 33 and, therefore, was without jurisdiction to entertain Reed's motions for new trial and judgment of acquittal."), *overruled in part on other grounds by State v. Balanza*, 93 Hawai'i 279, 1 P.3d 281 (2000).

Although Johnson was granted a DAG on September 13, 1995, the DAG was subsequently set aside and Johnson was resentenced to probation for five years on June 5, 1998 when the Judgment was entered. As such, Johnson was now on probation pursuant to his conviction, not the DAG. Johnson's conviction was final well before the entry of the Order of Discharge and Dismissal on May 16, 2000. There is no statute or rule that authorizes the Circuit Court to dismiss a charge against a defendant after his conviction on such charge is final and Johnson identifies no inherent powers that permit it. Thus, the Circuit Court lacked jurisdiction to enter the Order of Discharge and Dismissal, and its actions after May 16, 2000 were not a nullity.[4]

    B.    Johnson's claim that he was not provided written notice of the grounds to revoke his probation[5] prior to his

---

[4] Even if the Order of Discharge and Dismissal were not void, Johnson did not oppose the Motion to Correct Clerical Error which sought to set aside the order, nor did he appeal from the Circuit Court's granting of the Motion to Correct Clerical Error. Thus, the Order of Discharge and Dismissal was set aside and had no effect upon the proceedings of the case as it relates to Johnson.

[5] The law requires that the defendant be provided notice of the time, place, and date of any revocation hearing, along with the basis of any proposed action:

§706-625 Revocation, modification of probation conditions. . . .

(2) The prosecuting attorney, the defendant's probation officer, and the defendant shall be notified by the movant in writing of the time, place, and date of any such hearing, and of the grounds upon which action under this section is proposed.

probation revocation hearing on October 17, 2011 is without merit.

This court's Summary Disposition Order neither reversed the Circuit Court's August 14, 2009 Order of Resentencing; Revocation of Probation, nor did it remand the case with instructions to do so; rather, we remanded for the Circuit Court to conduct any further proceedings consistent with the opinion. Therefore, we observe nothing improper about the Circuit Court addressing the clerical error contained in the Order of Discharge and Dismissal and then essentially rescheduling the resentencing hearing previously held on June 8, 2009, without requiring the formality of restating the basis for the motion.

Johnson does not contend that he and his counsel did not receive notice of the date, time, or place of the reconvened hearing; and, according to a certificate of service dated February 26, 2009, Johnson was served with a copy of the underlying motion which specified the grounds for revoking his probation. Therefore, Johnson has not demonstrated that the State failed to comply with the notice requirement of HRS § 706-625(2).

Therefore, the Findings of Fact, Conclusions of Law and Order Revoking Probation, and the Second Amended Order of Resentencing, both filed on November 17, 2011 in the Circuit Court of the Third Circuit, are affirmed.

DATED: Honolulu, Hawaiʻi, June 10, 2013.

On the briefs:

Reginald P. Minn
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawaiʻi
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

HAW. REV. STAT. § 706-625(2) (Supp. 2012).

6